UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-24616-MC-SEITZ/SIMONTON

BOGART, LLC,

    Plaintiff,

vs.

ASHLEY FURNITURE
INDUSTRIES, INC.,

    Defendant.
_____/

### ORDER GRANTING BY DEFAULT NON-PARTY'S MOTION TO QUASH SUBPOENA

Presently pending before the Court is Non-Party, Zimmerman Advertising, LLC's Objection to Subpoena Issued by Plaintiff, Bogart, LLC (DE # 1). No party has filed a response. The Honorable Patricia A. Seitz, United States District Judge, has referred this matter to the undersigned United States Magistrate Judge (DE # 3). For the reasons stated below, the non-party's Objection, which the undersigned construes as a motion to quash a subpoena, is granted by default.

Non-Party Zimmerman Advertising, LLC ("Zimmerman") states in its Objection that this case concerns a dispute over the allegedly improper use by Defendant of intellectual property owned by Plaintiff (DE # 1 at 1). Though not directly stated, the Objection suggests that Zimmerman provided advertising services to Defendant that allegedly may have involved the disputed intellectual property (DE # 1 at 2). Zimmerman objects to a subpoena duces tecum to produce documents purportedly relevant to this dispute (the "Subpoena"), claiming that the requests are overly broad and production would be unduly burdensome (DE # 1 at 2). Zimmerman attaches to its Objection the Declaration of Monai Vano, who states that he is Zimmerman's Account Director, and who attests that the production would require 21 eight-hour days of work by a dedicated

employee (DE # 1-2 at 1).  Zimmerman asks the Court that it "be protected from the burden, expense and lost opportunity that it would suffer if it complied with the Subpoena" (DE # 1 at 3).  Accordingly, the undersigned construes the Objection as a motion to quash the Subpoena.

The Objection was filed on December 27, 2011, and was served on attorneys Michael O. Crain, Charles A. Burke and Matthew Lyndon Jamison by facsimile and U.S. postal mail, according to the Service List (DE # 1 at 6).  Although this case originates out of the Middle District of Georgia, the Subpoena issued out of the Southern District of Florida on December 13, 2011, by Michael O. Crain, counsel for Plaintiff on its behalf, who requests production of the identified documents at his offices in Athens, Georgia, on January 12, 2012 (DE # 1-1 at 1, 3).

Rule 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure states, "On timely motion, the issuing court must quash or modify a subpoena that…subjects a person to undue burden."  Zimmerman has filed its Objection, seeking to quash the Subpoena because it is overly broad and unduly burdensome, and has filed a declaration attesting to this burden.  Approximately two-and-a-half months after Zimmerman filed its Objection, none of the parties have filed a response.  Therefore, upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that Zimmerman's Objection, which the undersigned construes as a motion to quash the Subpoena (DE # 1), is **GRANTED BY DEFAULT**.  Non-Party Zimmerman Advertising, LLC, shall not be required to produce documents in response to the subpoena duces tecum issued by Plaintiff Bogart, LLC.

**DONE AND ORDERED** in chambers in Miami, Florida, on March 19, 2012.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**

**The Honorable Patricia A. Seitz,**
      **United States District Judge**
**All counsel of record**